### CLARA N. CONLEY v. MODERN LIFE INSURANCE COMPANY OF MINNESOTA.[1]

October 28, 1927.

No. 26,235.

**Evidence sustained verdict that contract for life insurance had been made.**
The facts are undisputed and establish a contract of insurance and not a mere unaccepted application therefor.

Life Insurance, 37 C. J. p. 380 n. 89 New.

Action in the district court for Ramsey county to recover upon an application for life insurance made pursuant to the provisions of G. S. 1923, § 3373. There was a verdict for the plaintiff, and defendant appealed from an order, McNally, J., denying its alternative motion for judgment or a new trial. Affirmed.

*Todd, Fosnes & Sterling* and *R. H. de Lambert,* for appellant.
*Kerr, Nelson, Burns & Mohan,* for respondent.

TAYLOR, C.

The defendant was incorporated under the laws of this state in the spring of 1921 as a life insurance company. Section 3373, G. S. 1923, being G. S. 1913, § 3460, reads:

"No life company shall be qualified to issue any policy until application for at least two hundred thousand dollars of insurance, upon lives of at least two hundred separate residents, have been

---

[1] Reported in 215 N. W. 836.

actually and in good faith made, accepted and entered upon its books and at least one full annual premium thereunder, based upon the authorized table of mortality, received in cash or in absolutely payable and collectible notes. A duplicate receipt for each premium, conditioned for the return thereof unless the policy be issued within one year thereafter, shall be issued, and one copy delivered to the applicant and the other filed with the commissioner, together with the certificate of a solvent authorized bank in the state, of the deposit therein of such cash and notes, aggregating the amount aforesaid, specifying the maker, payee, date of maturity and amount of each. Such cash and notes shall be held by it not longer than one year, and at or before the expiration thereof to be by it paid or delivered, upon the written order of the commissioner, to such company or applicants respectively."

To enable it to comply with the requirements of the statute and obtain a charter or certificate from the insurance department authorizing it to do business, defendant solicited applications for insurance, and among others solicited and obtained an application from Lloyd V. Conley, plaintiff's husband, for insurance upon his life in the sum of $2,500, payable to plaintiff. This application, together with Conley's promissory note for the sum of $92.97 for one year's premium on the policy applied for, was made and delivered to defendant on July 27, 1921, and at the same time defendant executed and delivered to him the conditional receipt required by the statute. On October 18, 1921, defendant made an application to the insurance department for a charter, in which it stated that "two hundred and twenty-six applicants for life insurance, aggregating a coverage of $815,000.00 with annual premiums of $32,641.07 have been accepted and herewith the duplicate and conditional receipts are submitted together with a list of the same." With the application for a charter defendant submitted a detailed list of the 226 applications for insurance and of the promissory notes given for the first year's premiums, and included therein the application and promissory note of Lloyd V. Conley. Defendant also submitted a financial statement which stated that it held

among its assets premium notes amounting to the sum of $32,641.07, and the note given by Conley was included in this amount. It also submitted a certificate from the Central Metropolitan Bank that it had deposited cash and premium notes to that amount in that bank and the note of Conley was one of the notes so deposited. The duplicate conditional receipts were also filed with the department as required by the statute, including the receipt issued to Conley. Pursuant to this application and upon the showing made by the accompanying papers, the insurance department, on October 19, 1921, authorized defendant to do business as a life insurance company in the state of Minnesota.

Conley died November 2, 1921, without a policy having been issued to him. Plaintiff asserted that a contract of insurance had been entered into and brought suit to recover the amount thereof. Defendant asserted that no contract had been entered into for the reason that the application signed by Conley stated that the insurance should be effective from the date of his medical examination if defendant should be satisfied of his insurability on that date, and that the medical examination had never been taken. There was no dispute as to the facts, and at the close of the trial both parties moved for a directed verdict. The court denied both motions, and then stated that he understood that both counsel agreed that if there was any question for a jury, it was whether defendant had waived its right to a medical examination. He then submitted that question to the jury, who returned a verdict for plaintiff. Defendant appealed from an order denying a motion for judgment non obstante or a new trial.

Defendant cites numerous authorities in support of the proposition that an application for life insurance is a mere offer and does not ripen into a contract until accepted. This is undoubtedly true. The question here is whether defendant accepted Conley's application. There is no claim that it could not accept an application without a medical examination if it saw fit to do so.

Defendant through its secretary and treasurer solicited and obtained Conley's application for the purpose of submitting it to the

insurance commissioner as one of the applications "actually and in good faith made, accepted and entered upon its books" required by the statute as a condition precedent to the issuance of a charter authorizing it to do business. As a part of the same transaction it obtained Conley's promissory note for the premium for one year for the purpose of complying with the provision of the statute which required it to have received such premium "in cash or in absolutely payable and collectible notes," as a condition precedent to the issuance of such charter. Defendant submitted to the commissioner a list of 226 applications with the statement that they "have been accepted." Conley's application was one of these. It also submitted to the commissioner a list of promissory notes which it had received for first year premiums, a certificate from a bank showing that these notes had been deposited therein as required by the statute, and a statement from its books showing that they were held as assets of the company. Conley's note was included in each of those lists. Defendant made these statements and representations to show that it had complied with the statutory conditions precedent to the issuance of a charter and by means thereof procured its charter.

If the application remained a mere offer, the applicant had the right to withdraw it; and the representation that it had been accepted and the representation that the note given for the premium was "absolutely payable and collectible" and a part of defendant's assets were both untrue, which would place defendant in the position of having made false and fraudulent representations to enable it to obtain its charter or license to do business. From the fact known to all parties that the application was procured for the express purpose of being presented to the insurance department as one of the accepted applications required by the statute and the other facts previously stated, we think it fairly appears that what the parties understood and intended was a valid contract conditioned upon the issuance of a charter and not a mere unaccepted offer, and that defendant is not in position to contend otherwise. 37 C. J. 380.

Order affirmed.